UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD CROTTY, )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>JOSH WALL, CHAIRMAN OF )<br>MASSACHUSETTS PAROLE BOARD; )<br>ANDREA CABRAL, SECRETARY OF )<br>MASSACHUSETTS OFFICE OF PUBLIC )<br>SAFETY; AND MAURA HEALEY, )<br>ATTORNEY GENERAL OF )<br>MASSACHUSETTS, )<br>)<br>    **Defendants.** )<br>) | CIVIL ACTION<br><br>NO. 4:14-CV-40160-TSH |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Docket No. 16) AND PLAINTIFF'S MOTION TO PROCEED AS CLASS ACTION AND FOR CLASS CERTIFICATION (Docket No. 19) AND DISMISSING PLAINTIFF'S AMENDED COMPLAINT**

**December 1, 2015**

**HILLMAN, D.J.**

State prisoner Richard Crotty (Plaintiff) brought this action for declaratory relief in which he challenged the constitutionality of the Massachusetts parole statute, Mass. Gen. Laws ch. 127, § 130 (parole statute). On September 24, 2015, this Court issued a memorandum and order, pursuant to 28 U.S.C. § 1915A, directing Plaintiff to show cause, by filing an amended complaint, why this action should not be dismissed for failing to state a claim upon which relief could be granted.

In his initial complaint, Plaintiff contended that the parole statute is unconstitutional on its face and as applied, in violation of due process and equal protection rights under the Sixth and

Fourteenth Amendments to the U.S. Constitution and Articles 1, 7, 10, and 12 of the Massachusetts Declaration of Rights. (Docket No. 1 at 8.) Specifically, Plaintiff asserted that the parole statute is impermissibly vague and allows for arbitrary and discriminatory application. This Court dismissed Plaintiff's procedural due process argument on account of the First Circuit's holding in *Jimenez v. Conrad*, 678 F.3d 44, 46 (1st Cir. 2012), that the phrasing of the parole statute does not create an entitlement to a liberty interest in being paroled and, therefore, the statute does not invoke procedural due process rights. This Court also found that the parole statute does not trigger substantive due process protections. With regard to the Sixth Amendment, this Court noted that the protections provided during criminal prosecutions do not apply to parole hearings.

Plaintiff now seeks to file an amended complaint, which is substantively identical to his first complaint, except that his Sixth Amendment claim has been replaced by a Fifth Amendment claim, and his Article 10 claim has been omitted. He has also submitted a memorandum of law in support of his civil action, in which he once again argues that the parole statute is unconstitutionally vague, allowing for arbitrary and discriminatory decision-making. Plaintiff's allegations are insufficient to state a claim upon which relief could be granted, for the reasons expressed in my memorandum and order of September 24, 2015. Accordingly, I find that Plaintiff has not shown good cause why this action should not be dismissed. Plaintiff's motion for leave to file amended complaint (Docket No. 16) is ***granted*** and the complaint is hereby dismissed. Plaintiff's motion to proceed as class and for class certification (Docket No. 19) is ***denied*** as moot.

**SO ORDERED.**

          */s/ Timothy S. Hillman*
          **TIMOTHY S. HILLMAN**
          **DISTRICT JUDGE**